## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AMANDA C.,

               *Plaintiff,*

 vs.

                                                  Case No. 20-1044-EFM

ANDREW SAUL, Commissioner of Social Security,

               *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred because substantial evidence does not support the ALJ's restrictive residual functioning capacity ("RFC") assessment. Specifically, Plaintiff asserts that the ALJ afforded weight to Plaintiff's treating physician's opinion but did not include all the limitations in the RFC. Having reviewed the record, and as described below, the Court concludes that Defendant Commissioner's findings are supported by substantial evidence and affirms the Commissioner's order.

## I.     Factual and Procedural Background

In March 2017, Plaintiff applied for supplemental security income alleging a disability beginning on May 15, 2012.  She later amended her onset date to begin on March 24, 2017.  Her application was denied initially and upon reconsideration.  Plaintiff then asked for a hearing before an ALJ.

ALJ Laura Bach conducted an administrative hearing on November 28, 2018.  Plaintiff was represented by an attorney and testified about her medical conditions.  A vocational expert also appeared at the hearing.

On February 6, 2019, the ALJ issued her written decision, finding that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 24, 2017.  She determined that Plaintiff had the following severe impairments: varicosities of the uterus, asthma, migraines, major depressive order, general anxiety disorder, and cannabis abuse.  The ALJ then found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.  Continuing, she determined that Plaintiff had the RFC to

> perform a range of light work as defined by 20 CFR 416.967(b).  The claimant is able to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently.  She is able to stand or walk six hours out of an eight-hour workday and she is able to sit six hours out of an eight-hour workday.  She is [] able to tolerate occasional exposure to fumes, odors, dust, gases, and environment with poor ventilation.  She is able to perform work in an environment with moderate noise levels.  The claimant is able to understand, remember, and carry out simple instructions and perform simple, routine tasks.  She is able to interact occasionally with co-workers, supervisors, and the general public.  She is able to perform work in a routine setting involving few, if any changes.  She is able to perform work that does not require independent planning or goal setting.

The ALJ determined that Plaintiff had no past relevant work.  After considering Plaintiff's age, education, work experience, and RFC, she determined that there were jobs existing in

significant numbers in the national economy that Plaintiff was capable of performing.  Thus, the ALJ concluded that Plaintiff had not been under a disability from March 24, 2017, through the date of her decision.

Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council.  The Appeals Council denied Plaintiff's request on December 11, 2019.  Accordingly, the ALJ's February 2019 decision became the final decision of the Commissioner.

Plaintiff filed a complaint in the United States District Court for the District of Kansas.  She seeks reversal of the ALJ's decision and remand to the Commissioner for a new administrative hearing.  Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.    Legal Standard

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[1]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2]  In the course of its review, the Court may not re-weigh the evidence or substitute its judgment for that of Defendant.[3]

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[4]  An individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.[5]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe, or combination of severe, impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8]  If the impairment does not meet or equal one of these designated impairments, the Commissioner

---

[4] 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(a).

[5] *Id*. § 423(d)(2)(A).

[6] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7] *Barkley v. Astrue*, 2010 WL 3001753, at *2 (D. Kan. 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations omitted); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[10]  The claimant bears the burden in steps one through four to prove a disability that prevents performance of her past relevant work.[11]  The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

## III.    Analysis

Plaintiff challenges the ALJ's RFC determination by asserting that it is not supported by substantial evidence.  Specifically, Plaintiff asserts that the ALJ afforded weight to her treating physician's opinion but did not adequately include all the limitations in the RFC.  The Commissioner argues that the ALJ's RFC adequately accounted for Plaintiff's mental impairments and was supported by substantial evidence.

The only relevant medical opinion in the record is from Plaintiff's treating psychiatrist, Dr. Porter.[13]  Dr. Porter found that Plaintiff was markedly limited in the ability to complete a normal

---

[9] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[11] *Lax*, 489 F.3d at 1084.

[12] *Id.*

[13] The ALJ gave limited weight to the state agency consultants' opinions because those consultants opined that there was insufficient evidence to evaluate Plaintiff's claim.

workday and workweek without interruption from psychologically based symptoms and in the ability to set realistic goals or make plans independently of others.  He found that Plaintiff was moderately limited in the ability to (1) carry out detailed instructions, (2) maintain attention and concentration for extended periods, (3) perform activities within a schedule and maintain regular attendance, (4) sustain an ordinary routine without special supervision, (5) work in coordination with others without being distracted, (6) interact appropriately with the public, (7) accept instructions and respond appropriately to criticism, (8) get along with coworkers without distracting them, (9) respond appropriately to changes in the workplace setting, and (10) be aware of normal hazards and take appropriate precautions.  Dr. Porter opined that Plaintiff would miss four days of work per month and would be off task approximately ten percent of the time.  He stated that she could perform uncomplicated, structured work.

The ALJ gave "considerable but not full weight" to this opinion.  The ALJ noted that Dr. Porter's opinion on Plaintiff's moderate limitations on some tasks was consistent with the evidence on record.  The ALJ stated, however, that Dr. Porter's opinion, as to Plaintiff's marked limitations in the ability to work and Plaintiff's absence from work approximately four days per month, was not consistent with the evidence and Plaintiff's activities of daily living.

Plaintiff contends that the ALJ omitted the majority of Dr. Porter's limitations from her RFC.  The Commissioner asserts that the ALJ's RFC was extremely restrictive and accounted for the limitations stemming from Plaintiff's mental impairments.  In addition, the Commissioner states that the RFC predominately aligned with Plaintiff's treating physician's opinion.

The Court agrees with the Commissioner.  Here, the RFC included most of Plaintiff's moderate limitations that were set forth by her treating physician.  The ALJ's RFC stated that Plaintiff was able "to understand, remember and carry out simple instructions and perform simple,

routine tasks" which incorporated Plaintiff's moderate limitations in maintaining attention or concentration for extended periods.[14]  As noted by the Tenth Circuit, even if the ALJ does not "repeat the moderate limitations assessed by the doctor," there is no error if the ALJ "incorporate[s] these limitations by stating how the claimant was limited in the ability to perform work-related activities."[15]  Furthermore, the ALJ stated in her discussion that Dr. Porter did not opine that Plaintiff clearly had an inability to maintain sufficient pace but instead opined that Plaintiff could maintain attention and concentration for a few hours.  The RFC's limitation that Plaintiff had the ability to follow "simple instructions" and to perform "simple, routine tasks" matched Plaintiff's treating physician's opinion that Plaintiff had moderate limitations in maintaining attention or concentration.  Furthermore, the RFC's limitation mirrored Dr. Porter's opinion that Plaintiff could perform uncomplicated, structured work.

In addition, the RFC accounted for Plaintiff's moderate limitations in working with others without being distracted, accepting instructions and responding appropriately to criticisms, and

---

[14] *See Lee v. Colvin*, 631 F. App'x 538, 541 (10th Cir. 2015) (noting that an RFC stating that the plaintiff could "perform simple tasks" reflected the moderate limitation in the plaintiff's ability to maintain attention and concentration for extended periods).

[15] *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016); *see also Lee*, 631 F. App'x at 540-41.  Plaintiff takes issue with these cases and asserts that the medical opinion in question was from a state agency consultant who filled out a state agency form (the Mental Residual Functional Capacity Assessment) that had two sections, one a checkbox for which to mark limitations (Section I), and the other a written summary of the physician's findings on the plaintiff's functional capacity (Section III).  Plaintiff contends that the Tenth Circuit recognized that Section III is the relevant part of the form that the ALJ is required to consider in formulating the RFC and not necessarily the limitations in the checkbox stated in Section I.  Plaintiff also states that this case does not involve a state agency consultant's opinion on a state agency form but rather it involves a treating physician's opinion.

The Court cannot discern a material difference.  Here, Plaintiff's treating physician filled out a form (Medical Source Statement – Mental) in which he checked boxes indicating Plaintiff's limitations.  Although there was no written summary similar to Section III on the state agency form, Dr. Porter handwrote on his form that Plaintiff could perform uncomplicated, structured work.  The ALJ's RFC stated that Plaintiff was able to follow simple instructions and perform simple, routine tasks which appears to match the treating physician's notation as to what type of work Plaintiff could perform.  Furthermore, even if these Tenth Circuit cases are not directly on point, their reasoning is instructive as to whether the RFC adequately encompasses Plaintiff's moderate limitations.

getting along with coworkers without distracting them by limiting Plaintiff to only occasional interaction with co-workers, supervisors, and the general public.[16] Finally, the limitation in the RFC that Plaintiff was to "perform work in a routine setting involving few, if any changes" factored in Plaintiff's moderate limitations of performing activities within a schedule and maintaining regular attendance, sustaining an ordinary routine without special supervision, and responding appropriately to changes in the workplace setting. Thus, the ALJ's RFC included most of Plaintiff's moderate limitations as set forth by her treating physician.

To the extent that the ALJ did not adopt all the treating physician's limitations, the ALJ did not state that she gave full weight to her opinion. Instead, the ALJ stated that she gave *considerable* but not full weight to the opinion. The ALJ then noted that the treating physician's opinion was not entirely consistent with the evidence and Plaintiff's activities of daily living. Thus, the ALJ was not required to wholesale adopt the treating physician's limitations and adequately explained why she did not do so.

In sum, the ALJ's RFC determination is supported by substantial evidence. Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**.

---

[16] *See Lee*, 631 F. App'x at 541 (noting that an RFC stating that the plaintiff can work with "routine supervision" and relate to supervisors and peers on a "superficial work basis" encompasses the plaintiff's moderate limitations in the ability to accept instructions, respond appropriately to criticism from supervisors, and the ability to get along with coworkers without distracting them).

**IT IS SO ORDERED**.

Dated this 6th day of January, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE